No. **26-1210**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

IN RE SIERRA CLUB,

Petitioner.

---

## PETITION FOR WRIT OF MANDAMUS

---

Dated: August 3, 2026

*/s/ Kathleen L. Riley*
Kathleen L. Riley (D.C. Bar No. 1618580)
Kevin Breiner (D.C. Bar No. 90015967)
Tosh Sagar (D.C. Bar No. 1562693)
James S. Pew (D.C. Bar No. 488201)
Earthjustice
1250 I St NW, Fourth Floor
Washington, D.C. 20005
(202) 667-4500 x 5227
kriley@earthjustice.org
kbreiner@earthjustice.org
tsagar@earthjustice.org
jpew@earthustice.org

*Counsel for Petitioner Sierra Club*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION & RELIEF SOUGHT ............................................... 1

ISSUE PRESENTED ............................................................................ 2

STATEMENT OF JURISDICTION ...................................................... 2

STANDING ......................................................................................... 2

FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED .............. 3

STANDARD OF REVIEW .................................................................. 7

REASONS WHY THE WRIT SHOULD ISSUE ................................. 8

    I.  EPA HAS A CLEAR DUTY TO ACT. ....................................... 8

    II.  NO ADEQUATE ALTERNATIVE REMEDY EXISTS. ..................... 8

    III. EPA'S DELAY WARRANTS MANDAMUS. ............................. 9

    IV.  A TWO-YEAR DEADLINE WITH STATUS REPORTS IS
        APPROPRIATE. ..................................................................... 13

CONCLUSION .................................................................................. 14

(Page 2 of Total)

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Hospital Ass'n v. Burnwell*, 812 F.3d 183 (D.C. Cir. 2016) ...........................11

*Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855 (D.C. Cir. 2001)........2, 4, 5, 10

*Env't. Def. Fund v. EPA*, 852 F.2d 1316 (D.C. Cir. 1988).....................................13

*Hearth, Patio & Barbeque Ass'n v. EPA*, 11 F.4th 791 (D.C. Cir 2021)..................3

*In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413 (D.C. Cir. 2004)...........9, 10

*In re Barr Lab'ys, Inc.*, 930 F.2d 72 (D.C. Cir. 1991) ............................................12

*In re Core Commc'ns, Inc.,* 531 F.3d 849, 855-56 (D.C. Cir. 2008) ........................7

*\*In re Ctr. for Biological Diversity*, 53 F.4th 665 (D.C. Cir. 2022)........2, 7, 8, 9, 10

*In re Idaho Conservation League*, 811 F.3d 502 (D.C. Cir. 2016) .........................13

*In re Pub. Emps. for Env't Resp.*, 957 F.3d 267 (D.C. Cir. 2020)...........................11

*In re United Mine Workers of America International Union,*
    190 F.3d 545, 554 (D.C. Cir. 1999).....................................................................11

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ......................................................3

*Potomac Elec. Power Co. v. Interstate Com. Comm'n*,
    702 F.2d 1026 (D.C. Cir. 1983).........................................................................8

*Sierra Club v. EPA*, 479 F.3d 875 (D.C. Cir. 2007)..................................... 5, 10-11

*Telecomms. Rsch. & Action Ctr. v. FCC*,
    750 F.2d 70 (D.C. Cir. 1984).......................................................7, 9, 10, 11, 12

**Statutes** **Page(s)**

28 U.S.C. § 1651(a)................................................................................................2

*(Authorities upon which Petitioner chiefly rely are marked with asterisks).*

iii

**Statutes (continued)**                                                           **Page(s)**

42 U.S.C. § 6903(5) ...............................................................................3

42 U.S.C. § 7401 ..................................................................................10

42 U.S.C. § 7412(b) ...............................................................................4

42 U.S.C. § 7412(c) ..........................................................................10, 13

42 U.S.C. § 7412(d) .........................................................................4, 5, 10

42 U.S.C. § 7412(e) ....................................................................4, 6, 10, 11, 13

42 U.S.C. § 7607(b) ...............................................................................9

**Federal Register Notices**                                                       **Page(s)**

National Emission Standards for Hazardous Air Pollutants: Final Standards
for Hazardous Air Pollutants for Hazardous Waste Combustors (Phase I
Final Replacement Standards and Phase II),
   70 Fed. Reg. 59402 (Oct. 12, 2005) ...................................................5

National Emission Standards for Hazardous Air Pollutants: Standards for
Hazardous Waste Combustors: Solicitation of Comment on Legal Analysis,
   72 Fed. Reg. 54875 (Sept. 27, 2007) ..................................................5

National Emission Standards for Hazardous Air Pollutants: Standards for
Hazardous Waste Combustors: Reconsideration,
   73 Fed. Reg. 64068 (Oct. 28, 2008) ...................................................5

## INTRODUCTION & RELIEF SOUGHT

In 2009, this Court ordered a remand of the U.S. Environmental Protection Agency's ("EPA") air toxics standards for hazardous waste combustors because EPA admitted the standards fail to meet the Clean Air Act's minimum stringency requirements and "must be reconsidered." EPA Motion for Partial Voluntary Remand, *Sierra Club v. EPA*, No. 05-1441 (D.C. Cir. Aug. 29, 2008), attached as Ex. 1; Order, *Sierra Club v. EPA*, No. 05-1441 (D.C. Cir. Nov. 3, 2008), attached as Ex. 2; *see also* EPA Motion for Voluntary Remand, *Sierra Club v. EPA*, No. 05-1441 (D.C. Cir. June 12, 2009), attached as Ex. 3; Order, *Sierra Club v. EPA*, No. 05-1441 (D.C. Cir. Aug. 14, 2009), attached as Ex. 4. More than sixteen years later, EPA has not responded to this Court's remand.

EPA's failure to bring its air toxics standards into compliance with the Act's minimum stringency requirements prolongs and exacerbates Petitioner's members' exposure to hazardous waste combustors' toxic air emissions, as well as the resulting harms to their health and welfare. Sierra Club therefore petitions this Court to issue a writ of mandamus directing EPA to finally respond to the Court's remand and bring its air toxic standards for hazardous waste combustors into compliance with the Act with a proposed rule due within one year of the Court's order and a final rule due one year later. Sierra Club additionally requests that this

1

Court retain jurisdiction and require EPA to submit status updates every 90 days until the rulemaking is complete.

## ISSUE PRESENTED

Whether mandamus should issue where EPA has failed for more than sixteen years to respond to this Court's order remanding the hazardous waste combustor standards for EPA to bring them into compliance with the Clean Air Act's minimum stringency requirements.

## STATEMENT OF JURISDICTION

This Court has authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue a writ of mandamus "to require compliance with [its] previously issued orders" and "to compel unreasonably delayed agency activity." *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022). Here, EPA has failed to respond to this Court's remand for more than sixteen years.

## STANDING

As in the prior challenges to EPA's air toxics standards for hazardous waste combustors, Petitioner Sierra Club has standing. *See Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855 (D.C. Cir. 2001); *see also Sierra Club v. EPA*, No. 05-1441 (and consolidated cases) (D.C. Cir.). Sierra Club's members are harmed by the toxic air pollution emitted by hazardous waste combustors that EPA has failed to lawfully regulate. Sierra Club's members would benefit from a writ of mandamus

2

setting a deadline by which EPA must finally bring the standards into compliance with the Clean Air Act's minimum stringency requirements. *See* Decls., attached as Exs. 10-12; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Petitioners satisfy the remaining requirements of associational standing because the interests they seek to protect are germane to their organizational purposes and neither the claim asserted nor the relief requested requires participation of their members. *See Hearth, Patio & Barbeque Ass'n v. EPA*, 11 F.4th 791, 802 (D.C. Cir 2021).

## FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED

Hazardous waste combustors are incinerators, boilers, cement kilns, and other facilities that burn hazardous waste. 91 Fed. Reg. 33484, 33488 (June 3, 2026). Hazardous waste is solid waste that may "cause, or significantly contribute to an increase in mortality or … serious irreversible or incapacitating reversible, illness; or [] pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed." *See* 42 U.S.C. § 6903(5). Today, there are approximately 163 hazardous waste combustors in this country that burn approximately 2.5 million tons of hazardous waste each year. 91 Fed. Reg. at 33518, 33488.

Burning hazardous waste results in hazardous air pollution, such as dioxins, mercury, heavy metals, and polychlorinated biphenyls, or PCBs, that cause or

contribute to cancer and other serious health and environmental harms. *See, e.g.*, 42 U.S.C. § 7412(b); EPA, Risk Assessment at 5-8, <u>EPA-HQ-OAR-2004-0022-0723</u> (May 2025); EPA, Memo at 1, <u>EPA-HQ-OAR-2004-0022-0769</u> (May 2026) (finalizing May 2025 Risk Assessment). Hazardous waste combustors in the United States emit nearly 10,000 tons of hazardous air pollution each year. EPA, Risk Assessment at Table 3.1-1, <u>EPA-HQ-OAR-2004-0022-0723</u> (May 2025).

Given the significant health risks presented by emissions of hazardous air pollutants, Congress directed EPA to set emission standards that meet objective stringency requirements. Section 112(d) of the Act directs that standards must limit each hazardous air pollutant emitted by the "maximum" degree that is "achievable," considering cost and other factors, and that such standards must be no less stringent than the emission levels achieved by the best performing sources—i.e., the sources with the lowest emission levels—regardless of cost. 42 U.S.C. § 7412(d)(3). Standards were due "as expeditiously as practicable" but "not later than" November 15, 2000. 42 U.S.C. § 7412(e)(1)-(1)(E).

This Court has addressed EPA's obligations under section 112(d)(3)'s minimum stringency, or "floor," requirements repeatedly, including when vacating EPA's first emission standards for hazardous waste combustors set in 1999. *Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855, 861-62, 871-72 (D.C. Cir. 2001), attached as Ex. 5. This Court also confirmed the plain meaning of the Act's

4

minimum stringency requirements in *Sierra Club v. EPA*, the "Brick MACT" decision. *Sierra Club v. EPA*, 479 F.3d 875, 876-879 (D.C. Cir. 2007), attached as Ex. 6 ("Because most of the standards violate the Clean Air Act as interpreted by this Court in [*Cement Kiln*], … we vacate the standards in their entirety and remand for further proceeding consistent with this opinion."). The floor "'shall not be less stringent than' what the best-performing sources 'achieve[].'" *Cement Kiln*, 255 F.3d at 861 (quoting 42 U.S.C. § 7412(d)(3)); *see also Sierra Club,* 479 F.3d at 880.

After this Court's vacatur of the 1999 standards, EPA set new standards for hazardous waste combustors in 2005. 70 Fed. Reg. 59402 (Oct. 12, 2005), attached as Ex. 7. Following the Brick MACT decision, however, EPA admitted that parts of the 2005 standards too did not comply with the Clean Air Act's minimum stringency requirements and "must be reconsidered." EPA Motion for Partial Voluntary Remand, Ex. 1, at 2; *see also* 72 Fed. Reg. 54875, 54875 (Sept. 27, 2007), attached as Ex. 8 (identifying standards which are "not" consistent with the Act and caselaw, "and need to be reexamined"). In a subsequent 2008 reconsideration rulemaking, EPA concluded even more of the standards "should be re-examined and not defended in litigation." 73 Fed. Reg. 64068, 64088-90 (Oct. 28, 2008), attached as Ex. 9; *id.* at 64086 ("EPA has further narrowed the number of standards it intends to defend."). EPA accordingly sought and this Court ordered

5

remand of the 2005 standards and 2008 rule "for further consideration … in their entirety." 2009 Remand Order, Ex. 4, at 1; *see also* 2008 Partial Remand Order, Ex. 2, at 1-2; EPA Motion for Voluntary Remand, Ex. 3, at 1-2, 4 ("request[ing] the remaining standards be remanded as well.").

Now, more than sixteen years later, EPA has not responded to this Court's remand, and the Agency's air toxics standards for hazardous waste combustors still do not comply with the Clean Air Act's minimum stringency requirements. The continued operation of hazardous waste combustors under these flawed standards has exposed, and continues to expose, people living near these facilities to excess hazardous air pollution. Under lawful emission standards, this excess pollution would have been prevented or reduced more than 16 years ago—and indeed, more than 25 years ago, when lawful emissions standards were initially due. 42 U.S.C. § 7412(e)(1)(E).

Moreover, in a recent rulemaking to review and revise the standards for hazardous waste combustors,[1] EPA expressly declined to comply with the Court's remand:

> In the notices and court filings cited … , the EPA explained that the Agency would seek a remand to reconsider certain standards based on new information which arose after the period for public comment. The EPA subsequently sought and received a remand of all HWC []

---

[1] EPA only undertook this review rulemaking after compelled to do so by separate court order. *Blue Ridge Env't Def. League v. Regan*, No. 22-cv-3134, 2024 WL 5093495, at *10 (D.D.C. Dec. 12, 2024).

6

standards in 2009. This final rule does not respond to that remand, which the EPA intends to address at a later date.

EPA, Response to Comments at 11, EPA-HQ-OAR-2004-0022-0773 (May 2026) (citation modified); *see also* 91 Fed. Reg. at 33485 (executive summary).

Thus, more than sixteen years after this Court ordered remand because EPA admitted its standards for hazardous waste combustors violated the Clean Air Act's minimum stringency requirements, EPA still has not responded to this Court's remand or provided any insight into EPA's progress or the prospective timing of any response.

## STANDARD OF REVIEW

This Court will order mandamus relief when there is a violation of a "clear duty," the petitioner "has no other adequate means to attain the relief it desires," and "the agency's delay is so egregious as to warrant mandamus." *See In re Ctr. for Biological Diversity*, 53 F.4th at 670 (citation modified). This Circuit has identified six factors in determining whether the agency's delay warrants mandamus relief, but when an agency ignores a court order, "a lesser showing is necessary to justify mandamus." *Id.* at 670-671 (citing *In re Core Commc'ns*, *Inc., 531 F.3d 849, 855-56 (D.C. Cir. 2008)); *see also id*. at 670 (citing *Telecomms. Rsch. & Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (establishing six factor test)). In such cases, the agency's failure to heed the Court's remand is

7

"'[d]ecisive.'" *Id.* at 671 (quoting *In re People's Mojahedin Org. of Iran*, 680 F.3d 832, 837 (D.C. Cir. 2012)).

### REASONS WHY THE WRIT SHOULD ISSUE

### I.    EPA HAS A CLEAR DUTY TO ACT.

EPA has a "clear duty" to comply with this Court's remand. *Id.* at 670. Remand orders "implicitly include[] the understanding that the [agency will] respond … in a timely manner." *Potomac Elec. Power Co. v. Interstate Com. Comm'n,* 702 F.2d 1026, 1034 (D.C. Cir. 1983). This Court remanded the standards for further consideration after EPA admitted the standards contravened the Clean Air Act and "must be reconsidered." *See* EPA Motion for Partial Voluntary Remand, Ex. 1, at 2; EPA Motion for Voluntary Remand, Ex. 3, at 1-2, 4 ("request[ing] the remaining standards be remanded as well."); 2009 Remand Order, Ex. 4. Far from timely responding, EPA has not responded or offered any indication of its progress in the more than sixteen years since.

### II.    NO ADEQUATE ALTERNATIVE REMEDY EXISTS.

Mandamus is Sierra Club's only means of obtaining a deadline for EPA to finally respond to this Court's 2009 remand. *See In re Ctr. for Biological Diversity*, 53 F.4th at 671 ("[A] writ of mandamus is the only way to compel EPA to perform its clear duties in this case."). The remand or vacatur available as relief in a challenge to EPA's 2026 review rule is not an adequate alternative to the court-

8

ordered deadline sought here for EPA to respond to the remand of its 2005 standards and 2008 rule. As EPA itself states, the 2026 review rule "does not respond to [the Court's] remand" of the 2005 standards and 2008 rule, "which the EPA intends to address at a later date." EPA, Response to Comments at 11, EPA-HQ-OAR-2004-0022-0773 (May 2026); 91 Fed. Reg. at 33485 (executive summary); 42 U.S.C. § 7607(b) (limiting review to final action).

III.    EPA'S DELAY WARRANTS MANDAMUS.

EPA's failure to heed this Court's remand is "[d]ecisive" and warrants mandamus relief. *See In re Ctr. for Biological Diversity*, 53 F.4th at 671 (citation modified). "When an agency ignores a court order," it "nullifie[s]" the order and "thwart[s] [the Court's] jurisdiction by withholding a reviewable decision." *See id.* at 670 (citation modified); *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004). Mandamus ensures that EPA cannot prevent this Court from securing compliance with its remand by simply withholding its response to that remand indefinitely.

Nonetheless, an analysis under the factors identified in *TRAC*, 750 F.2d at 80, results in the same conclusion: mandamus is warranted. This Court has found that years-long noncompliance flouts the "rule of reason"—the "'first and most important'" factor in assessing the unreasonableness of an agency's delay. *In re Ctr. for Biological Diversity*, 53 F.4th at 671 (quoting *TRAC*, 750 F.2d at 80). "[A]

9

reasonable time for agency action is typically counted in weeks or months, not years." *In re Am. Rivers & Idaho Rivers United*, 372 F.3d at 419.

Second, the Congressionally mandated "timetable" and "indication of the speed" for standard setting reinforces the unreasonable duration of EPA's delay. *See TRAC*, 750 F.2d at 80. Congress established a statutory scheme requiring EPA to set numerous standards in as little as one to two years and set a clear deadline for lawful standards for hazardous waste combustors of "not later than" November 15, 2000—nearly 26 years ago. 42 U.S.C. § 7412(c) (list of source categories for regulation due "not later than" November 15, 1991); *id.* § 7412(e)(1)(A)-(C) (standards for "not less than" 40 categories due "not later than" November 15, 1992; for additional categories "not later than" November 15, 1994); *id.* § 7412(e)(1)(E) (standards for all categories due "not later than" November 15, 2000). Sixteen years of delay in complying with this Court's remand thus far exceeds Congress's direction and intent.

The "overlap[ping]" third and fifth factors weigh strongly in favor of mandamus because delay is "less tolerable when human health and welfare" is at stake. *See In re Ctr. for Biological Diversity*, 53 F.4th at 671 (citation modified); *see also TRAC*, 750 F.2d at 80. Congress requires that emission standards meet certain minimum stringency requirements in order to protect public health. *See* 42 U.S.C. §§ 7412(d), 7401; *see also Cement Kiln*, 255 F.3d at 861-62, 871-72; *Sierra*

10

*Club*, 479 F.3d at 877-879. Now, more than a quarter century after the date by which Congress commanded EPA to issue lawful air toxics standards for hazardous waste combustors—and more than sixteen years after this Court granted remand—the public continues to face toxic air pollution in excess of the limits Congress directed. *See* 42 U.S.C. § 7412(e)(1)-(1)(E); 2009 Remand Order, Ex. 4; 2008 Partial Remand Order, Ex. 2.

As to the fourth factor, EPA's 16-year delay cannot be justified by supposed "higher or competing prior[ities]." *See TRAC*, 750 F.2d at 80. This Court has "made clear … that '[h]owever many priorities the agency may have, and however modest its personnel and budgetary resources may be, there is a limit to how long it may use these justifications to excuse inaction in the face of'" a duty to act. *Am. Hospital Ass'n v. Burnwell*, 812 F.3d 183, 191 (D.C. Cir. 2016) (quoting *In re United Mine Workers of America International Union,* 190 F.3d 545, 554 (D.C. Cir. 1999)); *see also In re Pub. Emps. for Env't Resp.*, 957 F.3d 267, 275 (D.C. Cir. 2020) ((noting that "[n]either a lack of sufficient funds nor administrative complexity, in and of themselves, justify extensive delay") (citation modified)). Particularly now when EPA is prioritizing discretionary, deregulatory

11

rulemakings,[2] EPA's competing priorities cannot justify flouting this Court's order for more than sixteen years.

Finally, though the Court need not find bad faith, EPA's "utter indifference" to its congressional deadline—and to this Court's remand order—particularly warrants mandamus relief. *See In re Barr Lab'ys, Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991); *see also TRAC*, 750 F.2d at 80 (sixth factor). More than sixteen years have elapsed since this Court ordered remand, and EPA has neither responded nor articulated any timeline at all for its response. Indeed, the need for mandamus relief is especially clear here where, even when compelled to conduct a rulemaking to review and revise the standards for hazardous waste combustors, EPA still declined to respond to this Court's remand. *Blue Ridge Env't Def. League*, 2024 WL 5093495, at *10 (setting deadline for review rulemaking); 91 Fed. Reg. at 33485 (executive summary); EPA, Response to Comments at 11, EPA-HQ-OAR-

---

[2] *See, e.g.*, 91 Fed. Reg. 26958 (May 13, 2026) (proposing revisions to air permitting); 91 Fed. Reg. 13543 (Mar. 20, 2026) (proposing amendments to incinerator standards); 91 Fed. Reg. 12700 (Mar. 17, 2026) (proposing to revise standards for sterilization facilities); 90 Fed. Reg. 47677 (Oct. 2, 2025) (soliciting information to support upcoming proposal to amend Regional Haze Rule); 90 Fed. Reg. 44591 (Sept. 16, 2025) (proposing to amend Greenhouse Gas Reporting Program requirements); EPA, *EPA Launches Biggest Deregulatory Action in U.S. History* (Mar. 12, 2025), *available at* https://www.epa.gov/newsreleases/epa-launches-biggest-deregulatory-action-us-history (announcing 31 deregulatory actions EPA "will undertake").

12

<u>2004-0022-0773</u> (May 2026) ("This final rule does not respond to that remand, which the EPA intends to address at a later date.").

IV.    A TWO-YEAR DEADLINE WITH STATUS REPORTS IS APPROPRIATE.

"EPA's history of delay and missed deadlines with respect to its statutory obligations ... indicates that a court-imposed schedule is necessary here." *Env't. Def. Fund v. EPA*, 852 F.2d 1316, 1331 (D.C. Cir. 1988). Given that Congress's statutory scheme requires EPA to set numerous standards in as little as one to two years, and in consideration of the serious harm caused by hazardous waste combustors' emissions, a two-year deadline is imminently reasonable. *See* 42 U.S.C. § 7412(c) (list of source categories for regulation due "not later than" November 15, 1991); *id.* § 7412(e)(1)(A)-(C) (standards for "not less than" 40 categories due "not later than" November 15, 1992; for additional categories "not later than" November 15, 1994). Accordingly, Petitioner requests the Court set deadlines for a proposed rule within one year of the Court's order and a final rule one year later, with status reports due every 90 days until the rulemaking is complete. *See, e.g.*, *In re Idaho Conservation League*, 811 F.3d 502, 516 (D.C. Cir. 2016) (per curium) (requiring status reports).

13

**CONCLUSION**

For more than sixteen years, EPA has flouted its obligation to respond to this Court's remand of the air toxics standards for hazardous waste combustors—a remand EPA itself sought because it agreed the standards contravene the Clean Air Act. Petitioner respectfully asks the Court to issue a writ of mandamus directing EPA to respond to this Court's remand with a proposed rule due within one year of the Court's order and a final rule due one year later. Petitioner additionally requests that this Court retain jurisdiction and require EPA to submit status updates every 90 days until the rulemaking is complete.

Dated: August 3, 2026                    Respectfully submitted,

*/s/ Kathleen L. Riley*
Kathleen L. Riley (D.C. Bar No. 1618580)
Kevin Breiner (D.C. Bar No. 90015967)
Tosh Sagar (D.C. Bar No. 1562693)
James S. Pew (D.C. Bar No. 488201)
Earthjustice
1250 I St NW, Fourth Floor
Washington, D.C. 20005
(202) 667-4500 x 5227
kriley@earthjustice.org
kbreiner@earthjustice.org
tsagar@earthjustice.org
jpew@earthustice.org

*Counsel for Petitioner Sierra Club*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 21(d), Petitioner Sierra Club submits this certificate as to parties, ruling, and related cases.

### I.     Parties.

Petitioner is Sierra Club. Respondents are the U.S. Environmental Protection Agency ("EPA") and Lee Zeldin, Administrator of the EPA. There are no intervenors or *amici*.

### II.     Ruling Under Review

This action seeks to enforce this Court's previous remand orders in *Sierra Club v. EPA*, No. 05-1441 (and consolidated cases) (D.C. Cir. Nov. 3, 2008, and Aug. 14, 2009), attached to this Petition as Exhibits 2 and 4. At issue in that case is the "National Emission Standards for Hazardous Air Pollutants: Final Standards for Hazardous Air Pollutants for Hazardous Waste Combustors (Phase I Final Replacement Standards and Phase II)," 70 Fed. Reg. 59,402 (Oct. 12, 2005), and the "National Emission Standards for Hazardous Air Pollutants: Standards for Hazardous Waste Combustors: Reconsideration," 73 Fed. Reg. 64,068 (October 28, 2008).

### III.     Related Case

*Sierra Club v. EPA*, No. 05-1441 (and consolidated cases) (D.C. Cir.).

DATED:    August 3, 2026    Respectfully submitted,

/s/ Kathleen L. Riley
Kathleen L. Riley
Earthjustice
1250 I St. NW, Fourth Floor
Washington, DC 20005
(202) 667-4500
kriley@earthjustice.org

*Counsel for Petitioner Sierra Club*

2

# DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 21(d), Petitioner Sierra Club states that it is an environmental non-profit organization without any parent corporation and that no publicly held corporation has a ten percent or greater ownership interest in them.

DATED:    August 3, 2026            Respectfully submitted,

<u>/s/ Kathleen L. Riley</u>
Kathleen L. Riley
Earthjustice
1250 I St. NW, Fourth Floor
Washington, DC 20005
(202) 667-4500
kriley@earthjustice.org

*Counsel for Petitioner Sierra Club*

## CERTIFICATE OF COMPLIANCE

I certify that the forgoing Petition for Mandamus was printed in a proportionally spaced font of 14 points and that, according to the word-count provided by Microsoft Word, it contains 3,082 words in compliance with Federal Rule of Appellate Procedure 21(d).

Respectfully submitted,

*/s/ Kathleen L. Riley*
Kathleen L. Riley

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **Petition for Mandamus and accompanying Exhibits** have been served by United States first-class mail on August 3, 2026, upon the following:

Administrator Lee Zeldin
U.S. Environmental Protection Agency
Office of the Administrator – 1101A
1200 Pennsylvania Avenue, NW
Washington, D.C.  20460

Todd Blanche
Acting Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530

U.S. Environmental Protection Agency
Correspondence Control Unit
Office of General Counsel - 2311
1200 Pennsylvania Avenue, NW
Washington, D.C.  20460

Respectfully submitted,

*/s/ Kathleen L. Riley*
Kathleen L. Riley